UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LUIGI STORINO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 2:06-CV-252 RM |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| TRANSPORTATION, et al., ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

This cause is before the court on the City of Hammond's motion for summary judgment on Luigi Storino's claims against it. Mr. Storino has alleged that on August 28, 2004, while he was driving his automobile on Indianapolis Boulevard (U.S. Route 41) in Hammond, Indiana, he suffered injuries to himself and his vehicle when he struck a pothole and/or an area of disrepair on the roadway, lost control of his vehicle, and struck a steel pole in the center median. Mr. Storino claims the City had a duty to properly maintain the roadway, but negligently failed to do so, which resulted in his being injured and his automobile being damaged. The City says Mr. Storino's claims are barred because he didn't comply with the notice requirements of the Indiana Tort Claims Act with respect to his claims against the City. The City also says it is entitled to summary judgment because it had no duty to maintain the roadway in question. Mr. Storino hasn't responded to the City's motion, and the time for doing so has passed.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 841-842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'") (*quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

The City maintains Mr. Storino's claims are barred because he didn't comply with the notice requirements of Indiana's Tort Claims Act. The Tort Claims Act,

2

IND. CODE § 34-13-3-1 *et seq.,* bars claims against a political subdivision unless a notice is filed with "(1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." IND. CODE § 34-13-3-8(a). The notice must inform the municipality of the person's intent to make a claim and contain information sufficient to reasonably afford the political subdivision an opportunity to promptly investigate, determine liability, and prepare a defense to the claim. Irwin Mortgage Corp. v. Marion County Treasurer, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005). The governmental entity has ninety days following the filing of a claim to consider and approve or deny the claim. IND. CODE § 34-13-3-11. "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." IND. CODE § 34-13-3-13. The Act governs suits against political subdivisions like the City of Hammond. Celebration Fireworks, Inc. v. Smith, 727 N.E.2d 450, 452 (Ind. 2000).

The City says Mr. Storino was required to provide a notice to the City on or before February 24, 2005, but didn't do so. The City reports it first received notice of Mr. Storino's claim on May 20, 2005, more than 180 days after Mr. Storino's August 28, 2004 accident. The City says, too, that the notice filed by Mr. Storino is inadequate because it's not apparent from the face of the notice that he was directing notice to the City. Mr. Storino indicated on the notice in response to Question No. 3, "Exact Location of Loss (include County, Town, Street, & nearest Crossroad), that the incident complained of occurred in the City of Hammond,

County of Lake, but in response to Question No. 5, "State Agency Involved," Mr. Storino listed only the "Indiana Department of Transportation." The City says that even though the notice's service list includes "City of Hammond Law Department," the content of the notice doesn't inform the City that it would be the subject of Mr. Storino's claims.

Mr. Storino has offered nothing in response to the City's argument that his claims are barred because of his non-compliance with the Act. And even though non-compliance "has been excused in certain cases based on the theories of substantial compliance, waiver, and estoppel," Daugherty v. Dearborn County, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005), Mr. Storino hasn't argued that his non-compliance should be excused. "Once a defendant raises failure to comply with the [Act's] notice requirements, the burden shifts to the plaintiff to prove compliance." Alexander v. City of South Bend, 256 F. Supp. 2d 865, 875 (N.D. Ind. 2003). Mr. Storino hasn't carried his burden in this regard: he hasn't argued or presented any evidence to establish that his notice was timely or sufficient with respect to his claims against the City of Hammond. Because the City's argument relating to the Tort Claims Act is dispositive, the court need not address the City's alternative argument that it had no duty to maintain the roadway in question.

Based on the foregoing, the court concludes that Mr. Storino's claims against the City of Hammond are barred based on his non-compliance with the Indiana Tort Claims Act. The City's motion for summary judgment [docket # 11]

is GRANTED. Mr. Storino's claims against the Indiana Department of Transportation and Lake County, Indiana, remain.

    SO ORDERED.

    ENTERED:   December 14, 2006

                                 /s/ Robert L. Miller, Jr.
                                Chief Judge
                                United States District Court

cc:  S. McMullen
     M. Bosch
     M. McCrum/K. Schwartz