UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LUIGI STORINO, )<br>)<br>        Plaintiff    )<br>)<br>    vs.                  )<br>)<br>INDIANA DEPARTMENT OF  )<br>TRANSPORTATION, et al.,   )<br>)<br>        Defendants )| CAUSE NO. 2:06-CV-252 RM |

<u>OPINION and ORDER</u>

The Indiana Department of Transportation has moved to dismiss Luigi Storino's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Mr. Storino alleges in his complaint that while driving his automobile on Indianapolis Boulevard (U.S. Route 41) in Hammond, Indiana, in August 2004, he suffered injuries to himself and his vehicle when he struck a pothole and/or an area of disrepair on the roadway, lost control of his vehicle, and struck a steel pole in the center median. Mr. Storino claims the Indiana DOT was negligent by not repairing the hazardous pothole on Indianapolis Boulevard, not hiring persons to repair the pothole, not posting warnings on the roadway to advise of the hazard, and not closing the lane of traffic where the pothole was located. Mr. Storino seeks a judgment against the Indiana DOT in excess of $75,000.00.

The Indiana DOT maintains as an agency of the State of Indiana it is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution and Mr. Storino's claims against it must be dismissed. Mr. Storino hasn't responded to the motion, even after being afforded additional time to do so. The time for filing a response has passed.

The Eleventh Amendment to the United States Constitution bars suits against state governments by citizens of other states[1] and has been interpreted to bar suits by citizens against their own state government. Hans v. Louisiana, 134 U.S. 1 (1890). The Eleventh Amendment's jurisdictional bar further extends to state agencies, like the Indiana Department of Transportation. Keri v. Board of Trustees of Purdue Univ., 458 F.3d 620, 641 (7th Cir. 2006); *see also* Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001) ("the Eleventh Amendment, which precludes a citizen from suing a state for money damages in federal court without the state's consent, bars Wynn's claims against the Indiana State Prison and the Indiana Department of Corrections, both state agencies"). Mr. Storino hasn't alleged or argued that the state has waived its Eleventh Amendment immunity or that another exception would permit his suit against the DOT.[2]

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[2] Two of the defendants in this action filed motions to dismiss to which Mr. Storino offered no response or objection; the third defendant was dismissed because "the County of Lake was misjoined in this matter." While Mr. Storino's action may not have been brought in bad faith, 28 U.S.C. § 1927 imposes a continuing duty on counsel to dismiss claims that are no longer viable. Jolly Group, Ltd. v. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006). If Mr. McMullen

(continued...)

The motion of the Indiana Department of Transportation to dismiss [docket # 23] is GRANTED, and the clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:   May 15, 2007

                /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court

---

[2](...continued)
believed evidence supported Mr. Storino's claims, he should have attempted to survive the motions to dismiss those claims, but he didn't do so. In the alternative, when he came to believe Mr. Storino's claims were without support, he had a duty to dismiss the claims, but he didn't do that either. Mr. McMullen's actions in not dismissing this action when he knew or should have known that Mr. Storino couldn't prevail on his claims appear to have unnecessarily and unreasonably increased the time expended and costs incurred by the defendants and the court in the continued litigation of this matter without the involvement of Mr. Storino. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); Nisenbaum v. Milwaukee County, 333 F.3d 804, 809 (7th Cir. 2003) (pressing a claim after its "emptiness becomes pellucid must be described as vexatious"); Burda v. M. Ecker Co., 2 F.3d 769, 777 (7th Cir. 1993) (sanctions under § 1927 would be appropriate against an attorney who engaged in "a serious and studied disregard for the orderly process of justice" or continued to pursue a claim "without plausible legal or factual basis and lacking in justification"); In re TCI Ltd., 769 F.2d 441, 445 (7th Cir. 1989) (dogged pursuit of even a colorable claim "becomes actionable bad faith once the attorney learns (or should have learned) that the claim is bound to fail").

3